**Ernestine SPENCER, individually as the mother of Samuel Benjamin Spencer III, deceased, and as Administratrix of the estate of Samuel Benjamin Spencer III, Samuel B. Spencer, Jr., father of Samuel Benjamin Spencer III, deceased, Plaintiffs–Appellants,**

v.

**Frank CASAVILLA, Cosmo Muriale, Frank D'Antonio, & Douglas Mackey, Defendants–Appellees.**

No. 38, Docket 93–9356.

United States Court of Appeals, Second Circuit.

Argued Aug. 31, 1994.

Decided Dec. 19, 1994.

---

James I. Meyerson, New York City, for plaintiffs-appellants.

Before: NEWMAN, Chief Judge, KEARSE and CARDAMONE, Circuit Judges.

KEARSE, Circuit Judge:

This case returns to us after a jury trial and a judgment setting aside the jury's verdict on certain claims, following our remand in *Spencer v. Casavilla*, 903 F.2d 171 (2d Cir.1990) ("*Spencer I*"). Plaintiffs Ernestine Spencer and Samuel Spencer, Jr., appeal from so much of the final judgment of the United States District Court for the Southern District of New York, Kimba M. Wood, *Judge*, as dismissed their claims pursuant to 42 U.S.C. §§ 1981 and 1985(3) (1988) for the racially motivated beating and murder of their son, Samuel Spencer III ("Spencer"). With respect to federal and state-law claims asserted on behalf of Spencer, the jury returned a verdict in favor of plaintiffs on liability issues, and it awarded a total of $700,000 in compensatory and punitive damages on the state-law claims, but awarded no additional damages on the federal claims. The jury also found for plaintiffs on their individual claims under § 1985(3) for conspiracy to deprive them of the services of Spencer, awarding them $300,000 on those claims. The district court set aside the verdicts on all of the federal claims, ruling principally (a) that the § 1981 claims must be dismissed for lack of state action, and (b) that the § 1985(3) claims on behalf of Spencer must be dismissed for lack of evidence from which a reasonable jury could conclude that defendants acted with the intent to deprive Spencer of his constitutional right to travel. On appeal, plaintiffs challenge the dismissals of their federal claims. For the reasons that follow, we dismiss so much of the appeal as seeks review of the dismissal of the federal claims asserted on behalf of Spencer; we affirm the dismissal of the federal claims asserted on behalf of plaintiffs individually.

## I. BACKGROUND

The events, as described in the district court's posttrial Amended Memorandum Opinion and Order dated December 7, 1993 ("Opinion"), may be summarized as follows. On May 28, 1986, Spencer, a young black man who resided with his parents in Yonkers, New York, was visiting his sister in the Coney Island section of Brooklyn. Sometime after midnight, Spencer left his sister's home

and rode his bicycle to Nathan's Restaurant. After an argument in the parking lot, Spencer was chased by defendants Frank Casavilla, Frank D'Antonio, Cosmo Muriale, and Douglas Mackey, young white men, who brutally beat and stabbed him to death, saying "Die, nigger." In a state criminal prosecution for their attack on Spencer, the four defendants eventually were convicted, after trial or pleas of guilty, of state-law crimes ranging from assault to murder.

Plaintiffs commenced the present action, asserting claims under § 1981, § 1985(3), and state law on behalf of Spencer for pain and suffering ("Spencer's claims"), and claims under §§ 1981 and 1985(3) on behalf of themselves individually for loss of the services of their son (plaintiffs' "individual claims"). Section 1981 provides that

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Section 1985(3) provides in pertinent part that

> [i]f two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... [and] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

The case was initially dismissed for lack of federal subject matter jurisdiction and failure to state a federal cause of action. *See* 717 F.Supp. 1057, 1062 (S.D.N.Y.1989) (Haight, J.). This Court reversed in *Spencer I* and remanded for trial. Addressing only Spencer's § 1985(3) claim, we held that the complaint could be construed to allege a violation of Spencer's constitutional right to intrastate travel. *See* 903 F.2d at 174 (citing *King v. New Rochelle Municipal Housing Authority,* 442 F.2d 646, 648 (2d Cir.) ("It would be meaningless to describe the right to travel between states as a fundamental precept of personal liberty and not to acknowledge a correlative constitutional right to travel within a state."), *cert. denied,* 404 U.S. 863, 92 S.Ct. 113, 30 L.Ed.2d 107 (1971), and *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 255–56, 94 S.Ct. 1076, 1080–81, 39 L.Ed.2d 306 (1974) (declining to consider whether to draw a constitutional distinction between interstate and intrastate travel)). We noted that plaintiffs might prove, for example, that Spencer had entered defendants' neighborhood and that defendants had sought to impede his right to travel freely in that area. *See Spencer I,* 903 F.2d at 174.

On remand, after trial before Judge Wood in 1992, the jury returned a special verdict, answering specific questions formulated by the court. As to the claims asserted on behalf of Spencer, the jury found in favor of plaintiffs on the issues of liability. On the § 1985(3) claim, the jury found that all four defendants had conspired for the purpose of depriving Spencer of his right to travel intrastate, that their actions had been motivated by a discriminatory attitude toward blacks, and that Spencer's injuries had been caused by defendants' conspiracy. On the § 1981 claim, the jury found that defendants' assault on Spencer was motivated by their racial animus. As to the state-law claims, the jury was directed, as a result of defendants' state-court convictions, that it must find that each of the defendants had assaulted Spencer in violation of state law. The jury was instructed to value the damages separately with respect to the state and federal claims. Because damages are not available for the value of a constitutional right itself, *see Memphis Community School District v. Stachura,* 477 U.S. 299, 310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986), and because the jury

may not compensate a claimant twice for the same injury, *see, e.g., Gentile v. County of Suffolk*, 926 F.2d 142, 153–54 (2d Cir.1991), the district court specified that it was to award, for the federal cause of action *"only* compensatory damages that are in addition to those you awarded under the assault claim." The jury awarded $250,000 in compensatory damages and $450,000 in punitive damages on Spencer's state-law claims; it awarded no additional damages on his federal-law claims.

The jury also found for plaintiffs on the liability issues on their individual claims. On their § 1985(3) claims, the jury found that all four defendants had conspired to assault Spencer, that the assault had been motivated by a discriminatory attitude toward blacks as a group, and that defendants had acted with reckless disregard for the consequences of their actions. On plaintiffs' individual § 1981 claims, the jury found that plaintiffs had a valuable relationship with Spencer; and it found that defendants' assault on Spencer was racially motivated, was committed with reckless disregard for the consequences, and caused damage to plaintiffs' relationship with their son. The jury awarded plaintiffs jointly $300,000 in compensatory damages on their individual § 1985(3) claims; it awarded no additional damages on their claims under § 1981.

After the jury returned its verdicts, Judge Wood addressed defendants' posttrial renewal of earlier motions to dismiss plaintiffs' federal claims as a matter of law. In a ruling not challenged on this appeal, the court dismissed the complaint against D'Antonio because he had died prior to trial and plaintiffs had not continued the action against his personal representative as required by New York law. (The dismissal of the claims against D'Antonio had the effect of reducing the total punitive damages award, which had been apportioned by the jury among the defendants and was properly assessed against them individually, *see, e.g., McFadden v. Sanchez*, 710 F.2d 907, 912–14 (2d Cir.1983)). In the rulings that are the subject of the present appeal, the court set aside the jury's verdicts in favor of plaintiffs on all of the federal claims.

With respect to the claims under § 1985(3), which were premised on an interference with Spencer's constitutional right to travel, the court looked principally to the then-recent ruling in *Bray v. Alexandria Women's Health Clinic,* —— U.S. ——, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993) (*"Bray "*), in which the Supreme Court held that a suit seeking redress under that section requires proof (a) that a racial or other class-based invidiously discriminatory animus lay behind the coconspirators' actions, (b) that the coconspirators intended to deprive the victim of a right guaranteed by the Constitution against private impairment, and (c) that that right was consciously targeted and not just incidentally affected, *see id.* at ——, 113 S.Ct. at 762 ("The right must be *'aimed at,'* . . .; its impairment must be a conscious objective of the enterprise.") (quoting *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 833, 103 S.Ct. 3352, 3358–59, 77 L.Ed.2d 1049 (1983) (emphasis in *Bray* )). The district court found that plaintiffs in the present case had "introduced no evidence at trial from which a jury could conclude that defendants 'aimed at' or acted with the purpose of depriving Spencer of his right to travel." Opinion at 7. It noted that though this Court in *Spencer I* had hypothesized that plaintiffs might prove that defendants attacked Spencer because he had entered their neighborhood, that possibility

> was not borne out by the evidence at trial: the assault did not occur in defendants' neighborhood, or in any white neighborhood, but in the predominantly black neighborhood of Coney Island where Spencer's sister lived. At trial, plaintiffs' counsel conceded that plaintiffs could not show that defendants assaulted Spencer "because he was in an area they didn't want blacks to be in."

Opinion at 8 (quoting Trial Transcript at 99). The court noted that while it might be argued that in chasing Spencer defendants had wanted to interfere with his right to flee, that desire was merely incidental to their intent to assault him. The court concluded that, even if Spencer had been an interstate, rather than an intrastate, traveler, the verdicts on the § 1985(3) claims must be set aside

"because plaintiffs did not show that defendants acted with the purpose or intent to deprive Spencer of his right to travel." Opinion at 8.

With respect to the § 1981 claims, the court stated that most courts have interpreted that section's clauses guaranteeing the "right[s] ... to the full and equal benefit of [the] laws" and to no more than "like punishment" as requiring proof of state action. Citing *Mahone v. Waddle*, 564 F.2d 1018, 1029 (3d Cir.1977) ("[W]hile private discrimination may be implicated by the contract clause of section 1981, the concept of state action is implicit in the equal benefit clause. The like punishment clause may be read in the same way."), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978), the district court agreed that in order to prove a claim under one of these clauses of § 1981, the claimant must show some state action. There being no evidence of state action in the events leading to Spencer's death, the court dismissed all of the § 1981 claims.

Except to the extent of vacating the judgment against the deceased defendant D'Antonio, the court did not disturb the jury's verdict on the state-law claims asserted on behalf of Spencer. *See*Opinion at 16 n. 12 ("Because the jury awarded no compensatory or punitive damages on plaintiff[s'] §§ 1985(3) and 1981 causes of action on behalf of Spencer, the court's dismissal of the federal claims does not diminish that portion of plaintiffs' award.") Accordingly, a final judgment was entered awarding compensatory damages of $250,000 to plaintiffs on behalf of Spencer against the three surviving defendants jointly and severally, and awarding a total of $247,500 in punitive damages against the surviving defendants severally, in accordance with the jury's apportionment of the punitive damages among the defendants.

## II. DISCUSSION

On appeal, plaintiffs make no challenge to the conduct of the trial or to the jury's verdicts. They contend only that the district court erred in setting aside the jury verdicts on their federal claims. Since we conclude that plaintiffs are not aggrieved insofar as the court dismissed the federal claims asserted on behalf of Spencer, we dismiss so much of the appeal as challenges the dismissal of those claims. We affirm the district court's dismissal of the federal claims asserted by plaintiffs individually.

### A. *Spencer's Claims*

Ordinarily, a party to a lawsuit has no standing to appeal an order unless he can show some basis for arguing that the challenged action causes him a cognizable injury, *i.e.*, that he is "aggrieved" by the order. *See, e.g., Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 335, 100 S.Ct. 1166, 1172, 63 L.Ed.2d 427 (1980); *Association Against Discrimination in Employment, Inc. v. City of Bridgeport*, 710 F.2d 69, 73 (2d Cir.1983). "A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Deposit Guaranty National Bank v. Roper*, 445 U.S. at 333, 100 S.Ct. at 1171. " 'A party may not appeal from a judgment or decree in his favor....' " *Id.* at 335, 100 S.Ct. at 1172 (quoting *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242, 59 S.Ct. 860, 860–61, 83 L.Ed. 1263 (1939)).

This principle forecloses plaintiffs' appeal from so much of the judgment as dismissed the federal claims asserted on behalf of Spencer. On Spencer's state-law claims, plaintiffs were awarded, in accordance with the jury's verdict, substantial compensatory and punitive damages. Since the jury declined to award any additional damages on Spencer's federal claims, and since the judgment dismissing Spencer's federal claims did not disturb the awards on his state-law claims, the dismissal of the federal claims, as a practical matter, did not aggrieve plaintiffs.

We are aware that plaintiffs' complaint requested an award of attorneys' fees and that such an award would likely have been theoretically available in connection with the federal claims to the extent that plaintiffs were the prevailing parties on those claims, *see* 42 U.S.C. § 1988 (1988), but would not have been available in connection with their recovery on the state-law claims. In fact, however, owing to defendants' indi-

gence, plaintiffs declined to move in the district court for an award of fees. We conclude that the theoretical availability of such fees does not give plaintiffs standing to appeal so much of the judgment as dismissed the necessary underpinnings for a motion they chose not to make.

In sum, since the judgment awarded plaintiffs their compensatory and punitive damages on Spencer's state-law claims, we cannot conclude that plaintiffs are aggrieved by the judgment dismissing his federal claims, and we therefore dismiss for lack of standing so much of the appeal as seeks review of that part of the judgment. Accordingly, we need not reach the questions of the correctness of the district court's dismissal of the federal claims asserted on behalf of Spencer or of the effect of *Bray* on *Spencer I*'s premise that the Constitution protects the right to travel intrastate.

### B. *Plaintiffs' Individual Claims*

█ Plaintiffs do, however, have standing to appeal from so much of the judgment as dismissed their individual claims under § 1985(3), for the jury awarded them $300,000 on those claims and awarded them no damages on their other claims. We conclude, however, that their individual § 1985(3) claims were properly dismissed.

█ In their individual § 1985(3) claims, plaintiffs sought damages for the loss of their son. In support of their claims, they cite cases that have recognized a liberty interest in familial relationships that is protected from state interference, *see, e.g., Trujillo v. Board of County Commissioners,* 768 F.2d 1186, 1189 (10th Cir.1985) (recognizing a cause of action under 42 U.S.C. § 1983 for state interference with intimate familial relationships). Assuming for purposes of the present appeal that familial relationships are, as required for a successful claim under § 1985(3), protected not only against impairment by governmental entities but also against impairment by a conspiracy of private persons, *see Bray,* ─── U.S. at ───, 113 S.Ct. at 762, we conclude that plaintiffs failed to prove the requisite intent. As discussed in Part I above, the Supreme Court in *Bray* held that in order to prevail in an action

under § 1985(3), it is not sufficient for a plaintiff to show that a federally protected right has been affected. In addition, the claimant must show that the predominant purpose of the conspiracy was interference with, or punishment for, the exercise of that right. The *Bray* Court stressed that the right impaired "must be '*aimed at,*'" ─── U.S. at ───, 113 S.Ct. at 762 (quoting *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. at 833, 103 S.Ct. at 3358–59 (emphasis in *Bray* )), and that "its impairment must be a conscious objective of the enterprise," *Bray,* ─── U.S. at ───, 113 S.Ct. at 762.

Plaintiffs have pointed to no evidence to support the proposition that defendants' objective was, even in part, to interfere with their relationship with their son. Accordingly, they did not establish their individual claims under § 1985(3).

### CONCLUSION

We have considered all of plaintiffs' contentions in support of their individual claims and have found them to be without merit. For the foregoing reasons, we affirm so much of the judgment as dismissed those claims. We hold that, in light of the favorable judgment on the state-law claims asserted on behalf of Spencer, plaintiffs lack standing to challenge the dismissal of Spencer's federal claims, and we accordingly dismiss so much of the appeal as seeks review of the parts of the judgment dismissing those claims.