# United States Bankruptcy Appellate Panel

### For the Eighth Circuit

_____

No. 21-6001

_____

In re: Adam R. Schiller, doing business as Schiller Farms

*Debtor*

------------------------------

Citizens State Bank Norwood Young America

*Creditor - Appellant*

v.

Adam R. Schiller

*Debtor - Appellee*

Kyle Carlson

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Fergus Falls

_____

Submitted: June 22, 2021
Filed: July 15, 2021

_____

Before NAIL, Chief Judge, SCHERMER and SALADINO, Bankruptcy Judges.

_____

NAIL, Chief Judge.

Citizens State Bank Norwood Young America ("Bank") appeals the bankruptcy court's January 26, 2021 order confirming Debtor Adam R. Schiller's chapter 12 plan. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). We vacate the bankruptcy court's order and remand for further proceedings consistent with this opinion.

BACKGROUND

Debtor filed a petition for relief under chapter 12 of the bankruptcy code. Debtor listed Bank as a secured creditor on his schedules. The United States Trustee appointed Kyle Carlson ("Trustee") to serve as trustee.

With his petition, Debtor filed a motion to obtain secured credit. Bank objected. Bank's "primary objection" was Debtor's motion failed to recognize a lien Bank asserted against Debtor's 2020 crop. The bankruptcy court ultimately granted Debtor's motion.

Meanwhile, the bankruptcy clerk notified creditors of the need to file proofs of claim and the deadline for doing so. Bank did not file a proof of claim.

After failing to obtain confirmation of two earlier plans, Debtor filed his second modified plan ("plan"). Bank objected. Bank alleged Debtor's plan failed "to provide distributions on account of at least $3,431.31" of Bank's secured claim. Bank also alleged Debtor's plan was not filed in good faith, because it purported to disallow Bank's unsecured claim. Bank believed it did not need to have filed a proof of claim to share in any distribution to unsecured creditors, for reasons discussed below. Finally, Bank alleged Debtor's plan failed to contribute all of Debtor's disposable income.

-2-

At a telephonic hearing, the bankruptcy court overruled Bank's objection and confirmed Debtor's plan. The bankruptcy court accepted Debtor's valuation of Bank's collateral and thus the amount of Bank's secured claim as set forth in Debtor's plan. The bankruptcy court did so without receiving evidence, reasoning the difference between Bank's valuation and Debtor's valuation was "minor" and did not warrant an evidentiary hearing. Bank timely appealed.

## STANDARD OF REVIEW

This appeal presents three issues: (1) whether the bankruptcy court erred in determining the value of the collateral securing Bank's claim without holding an evidentiary hearing; (2) whether the bankruptcy court erred in disallowing Bank's unsecured claim; and (3) whether the bankruptcy court erred in finding Debtor's plan satisfied the confirmation requirements set forth in 11 U.S.C. § 1225(a)(5)(B) and (b)(1)(B).

The first two issues implicate the bankruptcy court's conclusions of law, which we review *de novo*. *Islamov v. Ungar* (*In re Ungar*), 633 F.3d 675, 678-79 (8th Cir. 2011). The last issue implicates the bankruptcy court's findings of fact, which we review for clear error. *Id.*

## DISCUSSION

Bank first challenges the bankruptcy court's decision not to hold an evidentiary hearing to determine the value of Bank's collateral. Debtor and Trustee contend the bankruptcy court did not need to hold an evidentiary hearing because the difference in Bank's valuation and Debtor's valuation was "minor."[1]

---

[1]As noted above, in its objection to Debtor's plan, Bank indicated the difference between the parties' valuations is "at least" $3,431.31. On appeal, Bank suggests the

Neither Bank nor Debtor and Trustee offer any helpful authority in support of their respective positions. Fortunately, such authority does exist.

In *First Federal Savings & Loan Association of Bismarck, Inc. v. Hulm (In re Hulm)*, 738 F.2d 323 (8th Cir. 1984), the court of appeals reviewed the bankruptcy court's decision not to hold an evidentiary hearing to determine whether the price bid at a foreclosure sale represented a reasonably equivalent value for the debtor's interest in the property.[2]

> We disagree with the approach taken by the bankruptcy court. We do not believe that the sale price at a regularly conducted foreclosure sale, although absent fraud or collusion, can automatically be deemed to provide a reasonably equivalent value in exchange for the interest of the debtor transferred within the meaning of section 548(a). *In our view, the question of whether the sale price provided a reasonably equivalent value cannot be answered without an evidentiary hearing.* Accordingly, we vacate the judgment of the district court and remand to the bankruptcy court for an evidentiary hearing and for a determination of whether the sale price at the foreclosure sale provided a reasonably equivalent value in exchange for the transfer of [debtor's] interest in the property.

*Id.* at 327 (emphasis added).

Similarly, in *Critique Services, LLC v. Reed (In re Reed)*, 888 F.3d 930 (8th Cir. 2018), the court of appeals reviewed the bankruptcy court's decision not to hold

difference is "approximately" $57,000.00.

[2]Provided certain other conditions are met, a trustee may avoid a transfer of a debtor's interest in property if the debtor received less than a reasonably equivalent value in exchange for the transfer. 11 U.S.C. § 548(a)(1).

an evidentiary hearing before imposing sanctions against an attorney for making what the bankruptcy court described as misleading representations to the bankruptcy court.

> In the sanctions order, the bankruptcy court addressed [the attorney]'s response: "[The attorney] first claimed that he has dealt honestly with the Court." In other words, the bankruptcy court interpreted [the attorney]'s arguments to mean that he was factually disputing the bankruptcy court's assertion in the show-cause order that [the attorney] made "apparently false or misleading representations." The bankruptcy court concluded that the accuracy of [the attorney]'s answer "is not a reason that [the attorney] should not be sanctioned" because "[h]e purposely mislead [*sic*] the Court about his personal knowledge of the fact that [the owner of the bankruptcy-services business with which the attorney worked] is the owner—in an effort to make himself look clueless and far-removed from the [bankruptcy-services] business."
>
> The bankruptcy court made this factual determination without an evidentiary hearing, despite recognizing that [the attorney] was disputing whether he made false or misleading representations. *The bankruptcy court erred in sanctioning [the attorney] for "deliberately misle[ading] the Court" because it based that conclusion on disputed questions of fact without holding an evidentiary hearing.*

*Id.* at 939 (citation omitted) (emphasis added).

While neither of these cases involves the precise issue before the bankruptcy court in this case, *i.e.*, the value of a secured creditor's collateral, both clearly stand for the proposition that a bankruptcy court cannot make a finding regarding a disputed fact without holding an evidentiary hearing. And while the difference in Bank's valuation and Debtor's valuation may or may not have been minor, the value

of Bank's collateral *was* disputed. Bank was–and is–therefore entitled to an evidentiary hearing on this issue.

Bank next challenges the bankruptcy court's decision to disallow Bank's unsecured claim because Bank failed to file a proof of claim. Generally speaking, a creditor must file a proof of claim for its claim to be allowed. 11 U.S.C. § 502(b)(9); Fed.R.Bankr.P. 3002(a).

Bank does not deny it failed to file a proof of claim. It instead takes the position it did not need to do so to share in any distribution to unsecured creditors under Debtor's plan. Bank is mistaken.

Bank argues proof of its unsecured claim was deemed filed pursuant to 11 U.S.C. § 1111. We disagree.

The relevant portion of § 1111 provides:

> A proof of claim or interest is deemed filed under section 501 of [the bankruptcy code] for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of [the bankruptcy code], except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

11 U.S.C. § 1111(a). Bank weaves a complicated tapestry of various bankruptcy code and rule provisions in a futile attempt to demonstrate § 1111 applies in chapter 12 cases.

Our analysis is much more straightforward and leads us to the opposite conclusion. With one exception not relevant in this case, subchapters I (which

includes § 1111), II, and III of chapter 11 only apply in chapter 11 cases. 11 U.S.C. § 103(g).[3] Section 1111 does not apply in chapter 12 cases.

Alternatively, Bank argues its limited objection to Debtor's motion to obtain secured credit qualifies as an informal proof of claim.

> The elements necessary to achieve status as an informal proof of claim are well known. To qualify as an informal proof of claim, the document must state the nature and amount of the claim as well as indicate the claimant's intent to hold the debtor liable and pursue the claim.

*Maynard Savings Bank v. Michels* (*In re Michels*), 286 B.R. 684, 691 (B.A.P. 8th Cir. 2002) (citations omitted).

A creditor may hold both a secured and an unsecured claim arising out of the same transaction or transactions.

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a)(1) (in relevant part).

---

[3]In its opening brief, Bank purported to quote § 103 "in pertinent part." In doing so, however, Bank excised paragraph (g), the *only* pertinent part of § 103 as far as the applicability of § 1111 is concerned. At oral argument, counsel was unable to offer a satisfactory explanation for this "oversight."

In this case, Bank holds both a secured and an unsecured claim. To the extent Bank is suggesting its objection qualifies as an informal proof of its *unsecured* claim–and that is the argument Bank must make to prevail–we disagree.

Bank's objection was limited to protecting Bank's security interest in Debtor's 2020 crop. Bank did not allege it held an unsecured claim pursuant to § 506(a)(1) or otherwise. In fact, the word "unsecured" does not appear anywhere in Bank's objection. On the other hand, Bank *did* allege it was entitled to post-petition "interest, fees, charges and attorneys' fees, costs and expenses." Bank would not have been entitled to these items if any portion of its claim were unsecured. *See* 11 U.S.C. § 506(b). Thus, anyone reviewing Bank's objection would reasonably conclude Bank's claim was oversecured. Bank's objection did not indicate Bank intended to hold Debtor liable for an unsecured claim or to pursue an unsecured claim. Consequently, we agree with the bankruptcy court: Bank's objection did not qualify as an informal proof of an unsecured claim.

Bank also argues once the bankruptcy court's order confirming Debtor's plan becomes a final order upon the conclusion of this appeal, Bank would be permitted to file a proof of its unsecured claim that would be timely under Fed.R.Bankr.P. 3002, which provides, in relevant part:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final *if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property.*

Fed.R.Bankr.P. 3002(c)(3) (emphasis added). Debtor's plan specifically provides Bank will retain its lien against Debtor's property. Bank does not explain how a final order confirming Debtor's plan could possibly be construed as a judgment for the

recovery of money or property from Bank or that denies or avoids Bank's security interest in Debtor's property. In any event, what Bank may or may not do in the future affords us no basis for questioning the bankruptcy court's decision to disallow Bank's unsecured claim.

Finally, Bank challenges the bankruptcy court's findings with respect to the confirmation requirements set forth in 11 U.S.C. § 1225(a)(5)(B) and (b)(1)(B). Under § 1225(a)(5)(B), the plan must provide a secured creditor will retain its lien and will be paid not less than the allowed amount of its secured claim.[4] Under § 1225(b)(1)(B), in specified circumstances, the plan must provide the debtor's projected disposable income will be applied to make payments under the plan.

Because the bankruptcy court must hold an evidentiary hearing to determine the value of Bank's collateral and thus the amount of Bank's secured claim, any consideration of whether Debtor's plan complies with § 1225(a)(5)(B) would be premature at this time. Until the bankruptcy court holds the requisite evidentiary hearing and determines the value of Bank's collateral, it is impossible to say whether under Debtor's plan Bank will be paid not less than the allowed amount of its secured claim.

As for the requirement in § 1225(b)(1)(B), in its oral ruling, the bankruptcy court spent little time discussing disposable income, saying only "the disposable income, as required for purposes of committing that for plan purpose payments, is appropriate." However, the record amply supports the bankruptcy court's finding. First, the requirement in § 1225(b)(1)(B) is not triggered unless the trustee or the holder of an allowed unsecured claim objects to confirmation. 11 U.S.C.

---

[4]Alternatively, the secured creditor may accept the plan, or the debtor may surrender the secured creditor's collateral. 11 U.S.C. § 1225(a)(5)(A) and (C). Neither of these other alternatives has any bearing on this case.

§ 1225(b)(1). While Bank objected to confirmation, it is not the holder of an *allowed* unsecured claim, as discussed above, and neither Trustee nor anyone who *is* the holder of an allowed unsecured claim objected to confirmation. Second, the requirement in § 1225(b)(1)(B) is not triggered if the plan proposes to pay unsecured creditors in full. 11 U.S.C. § 1225(b)(1)(A). Debtor's plan proposes to pay unsecured creditors in full. Third, notwithstanding the fact that the requirement in § 1225(b)(1)(B) was not triggered in this case, *Debtor's plan provides Debtor's disposable income will be applied to make payments under Debtor's plan*. Liberally construing the bankruptcy court's oral ruling, *see Fonder v. U.S.*, 974 F.2d 996, 999-1000 (8th Cir. 1992) (citation omitted), we cannot say the bankruptcy court's finding was clearly erroneous.

## CONCLUSION

For the reasons stated, we vacate the bankruptcy court's January 26, 2021 order confirming Debtor's plan and remand for further proceedings consistent with this opinion.

-------------------------

-10-