

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2005

# In Re: Diet Drugs

Precedential or Non-Precedential: Precedential

Docket No. 04-2413

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"In Re: Diet Drugs " (2005). *2005 Decisions.* Paper 615.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/615

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 04-2413, 04-2463, 04-2464, 04-2575, 04-2886,
04-2887, 04-2888, 04-2889, 04-2891, 04-2897, 04-2898,
04-2982, 04-3845, 04-3846, 04-4392, 05-2216, 05-2217,
05-2218, 05-2219, 05-2220, 05-2221, 05-2222, 05- 2223,
05-2224, 05-2225, 05-2226, 05-2227 & 05-2488

_____

IN RE: DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION

Mike Cockrell, et al., Appellants in No. 04-2413
Sandra S. Sorrell, et al., Appellants in No. 04-2463
Robert Shoemaker, et al., Appellants in No. 04-2464
Lisa Phelps-Dorris, et al., Appellants in No. 04-2575
Claudia Edwards, et al., Appellants in No. 04-2886
Jennifer Legg, et al., Appellants in No. 04-2887
Angela Martin, et al., Appellants in No. 04-2888
Mary Killebrew, et al., Appellants in No. 04-2889
Teresa Russum, et al., Appellants in No. 04-2891
Eileen Turner, et al., Appellants in No. 04-2897
Janice McCrory, et al., Appellants in No. 04-2898
Mitzi M. Wilson, et al., Appellants in No. 04-2982
Barbara A. Geisert, et al., Appellants at No. 04-3845
Pamela G. Ellison, et al., Appellants at No. 04-3846
Ashley Irwin, et al., Appellants at No. 04-4392

Elvia Aguirre, et al., Appellants at No. 05-2216
Carmela Araujo, et al., Appellants at No. 04-2217
Delores Baker, et al., Appellants at No. 05-2218
Lydia N. Bell, et al., Appellants at No. 05-2219
Maria L. Alexander, et al., Appellants at No. 05-2220
Holly J. Anderson, et al., Appellants at No. 05-2221
Ilene R. Allen, et al., Appellants at No. 05-2222
Jerry Chavez, et al., Appellants at No. 05-2223
Carolyn A. Hunter, et al., Appellants at No. 05-2224
Leslie Bales, et al., Appellants at No. 05-2225
Ursula Asher, et al., Appellants at No. 05-2226
Larry M. Russell, et al., Appellants at No. 05-2227
Alysmay Antonucci, et al., Appellants at No. 05-2488

———————

Appeals from the United States District Court
for the Eastern District of Pennsylvania
(MDL No. 1203 and D.C. Nos. 03-cv-20626, 04-cv-20086,
04-cv-20094, 04-cv-20096, 03-cv-20326, 03-cv-20316,
03-cv-20329, 03-cv-20229, 03-cv-20360, 04-cv-20097,
03-cv-20625, 03-cv-20280, 04-cv-20098,
04-cv-20099, 03-cv-20428, 04-cv-27317, 04-cv-21387,
04-cv-26961, 04-cv-26581, 04-cv-26750, 04-cv-23759,
04-cv-22924, 04-cv-22900, 04-cv-21668, 04-cv-20899,
04-cv-20100, 04-cv-20095 & 04-cv-22922)
District Judge: Honorable Harvey Bartle, III

———————

Argued June 7, 2005

Before: AMBRO, STAPLETON and
ALARCÓN\*, <u>Circuit Judges</u>

(Filed August 11, 2005)

George M. Fleming, Esquire
Sylvia Davidow, Esquire
Anita Kawaja, Esquire
Fleming & Associates, L.L.P.
1330 Post Oak Blvd., Suite 3030
Houston, TX   77056

Jonathan Massey, Esquire (Argued)
7504 Oldchester Road
Bethesda, MD 20817

Mario D'Angelo, Esquire
Hariton & D'Angelo
3500 Sunrise Highway, Suite T-207
Great River, NY   11739

Paul J. Napoli, Esquire
Denise A. Rubin, Esquire
Napoli, Kaiser, Bern & Associates
3500 Sunrise Highway, Suite T-207
Great River, NY   11739
        Counsel for Appellants

---

\* Honorable Arthur L. Alarcón, United States Circuit
Judge for the Ninth Circuit Court of Appeals, sitting by
designation.

3

Peter L. Zimroth, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY   10022

Michael T. Scott, Esquire
Paul B. Kerrigan, Esquire
Reed Smith LLP
2500 One Liberty Place
Philadelphia, PA   19103

Robert D. Rosenbaum, Esquire (Argued)
Sarah M. Brackney
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C.   20004
        Counsel for Appellee, Wyeth Corporation

Fred S. Longer, Esquire
Arnold Levin, Esquire
Michael D. Fishbein, Esquire
Levin Fishbein Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA   19106
        Counsel for Appellees, Plaintiffs' Management
        Committee and Plaintiffs' Class

William G. Frey, Esquire
Wolf, Block, Schorr & Solis-Cohen
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103

4

Barry M. Klayman, Esquire
Wolf, Block, Schorr & Solis-Cohen
1100 North Market, Suite 1001
Wilmington, DE 19801
    Counsel for Appellee, AHP Settlement Trust

Peter D. Keisler
  Assistant Attorney General
Patrick L. Meehan
  United States Attorney
Scott R. McIntosh, Esquire
Christine N. Kohl, Esquire (Argued)
United States Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
    Counsel for Amicus-Appellee, Clerk of the U.S.
    District Court for the Eastern District of Pennsylvania

---

OPINION OF THE COURT

---

AMBRO, Circuit Judge

Twenty-eight consolidated appeals have been filed by various plaintiffs in the diet drugs product liability multidistrict litigation challenging the District Court's interpretation of the

5

filing fee statute, 28 U.S.C. § 1914, and seeking in the alternative a writ of mandamus. We dismiss the appeals for lack of appellate jurisdiction. We also deny relief by way of mandamus.

## I. Factual Background and Procedural History

Various facets of the diet drugs multidistrict litigation have been summarized elsewhere. *See, e.g.*, *In re Diet Drugs*, 385 F.3d 386, 389-93 (3d Cir. 2004); *In re Diet Drugs*, 282 F.3d 220, 225-29 (3d Cir. 2002). The nationwide settlement agreement reached allows plaintiffs to opt out of the class at "various places along the continuum of the settlement period." *In re Diet Drugs*, 369 F.3d 293, 299 (3d Cir. 2004). Here, Mike Cockrell, *et al.*, whose ranks swell into the thousands, are plaintiff class members who exercised their intermediate opt-out rights under that agreement. Under its terms, intermediate opt-outs are entitled to pursue tort claims subject to limitations on the damages that may be sought (including, *inter alia*, a bar against seeking punitive damages).

Plaintiffs filed complaints in Georgia and Mississippi state courts, naming dozens (some even hundreds) of individuals as co-plaintiffs. Notwithstanding the number of plaintiffs named in the pleadings, a single filing fee was paid for each complaint. The actions were removed to federal district courts in Georgia and Mississippi, with a single fee paid for each complaint removed, and the Judicial Panel on Multidistrict

6

Litigation transferred the cases pending in both the Georgia and Mississippi federal courts to the United States District Court for the Eastern District of Pennsylvania. In March 2004, the District Court issued Pretrial Order No. 3370 ("PTO 3370") to establish procedures to address the joinder (or misjoinder) of parties. Specifically, the District Court directed the severance of the multi-plaintiff actions, pursuant to Federal Rule of Civil Procedure 21, in order to "facilitate the efficient administration of actions docketed" in the diet drugs multidistrict litigation. Under PTO 3370, plaintiffs subject to severance then had sixty days to file a "severed and amended" complaint or suffer dismissal with prejudice.

Many plaintiffs moved for reconsideration of the severance order insofar as it required payment of multiple filing fees. The Court considered the language of the filing fee statute, which provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $150 . . . ." 28 U.S.C. § 1914(a).[1] Concluding that the "payment of a $150 filing fee for every severed and amended complaint [was] not only just but . . . mandated by

_____

[1]Congress subsequently amended 28 U.S.C. § 1914 to increase the filing fee in civil actions to $250.

§ 1914(a)," the District Court denied the motions for reconsideration. Plaintiffs timely appealed.[2]

### III. Appellate Jurisdiction

This case falls within the District Court's subject matter jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Whether we have appellate jurisdiction—an issue that has been raised in Wyeth's motion to dismiss and which we would otherwise raise *sua sponte*—requires a more detailed examination.[3]

---

[2]Though Plaintiffs are challenging multiple (but substantively similar) orders, we refer to the consolidated appeals as being from a single order (the "Order") for the sake of simplicity.

[3]As Plaintiffs have all paid the filing fees, Wyeth argues that the appeals are not ripe for review, contending that an order threatening dismissal if the filing fee remains unpaid will become ripe for appeal only when the case has been dismissed with prejudice for failure to pay the fee. In effect, Wyeth suggests that a party must wager the ability to obtain any relief whatsoever against $150 (now $250)—a suggestion that would nearly guarantee that a filing fee order would go unchallenged. In any event, this line of argument essentially restates Wyeth's argument under the third prong of the collateral order test—as we discuss below—that a filing fee Order will be reviewable on appeal from the final judgment. Moreover, because counsel for

We may acquire jurisdiction over appeals through final judgments under 28 U.S.C. § 1291[4] and collateral orders under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 154 (3d Cir. 2005).[5]  Generally, a decision of the district court is "final" under § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also Aluminum Co. of Am. v. Beazer East, Inc.*, 124 F.3d

Wyeth represented at oral argument that it forgoes contending that the Order will be unreviewable following final judgment, its position is not that the Order never will be "ripe," but merely that it is not "ripe" until final judgment.  Thus, it is presenting its argument under the third prong of the collateral order test in a different guise.

[4]"[C]ourts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291.

[5]Though the Courts also have appellate jurisdiction over interlocutory orders concerning injunctions under 28 U.S.C. § 1292(a), questions certified for appeal by the district court and then accepted by the appellate court under 28 U.S.C. § 1292(b), and certifications by the district court pursuant to Federal Rule Civil Procedure 54(b) of "final" judgments when the court has disposed of less than all parties or issues in a given case, *see Diet Drugs*, 401 F.3d at 154, no one of these grounds applies here.

551, 557 (3d Cir. 1997) (explaining that "there is no final order if claims remain unresolved and their resolution is to occur in the district court"). Here, the litigation arising from the various "severed and amended" complaints is ongoing. Thus the orders are far from being "final decisions" that are ordinarily the subject of appeal under § 1291.

However, as the Supreme Court has interpreted the phrase "final decision" in § 1291, there exists "a narrow class of collateral orders which do not meet [the] definition of finality, but which are nevertheless immediately appealable under § 1291." *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 712 (1996). Recognizing this, our Court has explained that the collateral order doctrine

> provides a narrow exception to the general rule permitting appellate review only of final orders. An appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment.

10

*In re Ford Motor Co.*, 110 F.3d 954, 958 (3d Cir. 1997) (citations omitted).

Because we conclude that the filing fee Order fails to satisfy the third prong, we confine our analysis to it. *Powers v. Southland Corp.*, 4 F.3d 223, 231 (3d Cir. 1993). Under this prong, an order must be effectively unreviewable, meaning that "review postponed will, in effect, be review denied." *Zosky v. Boyer*, 856 F.2d 554, 561 (3d Cir. 1988). From another angle, "review after final judgment is ineffective if the right sought to be protected would be, for all practical and legal purposes, destroyed if it were not vindicated prior to final judgment." *In re Ford Motor Co.*, 110 F.3d at 962.

Initially, we observe that the "right" that plaintiffs assert involves payment of a monetary sum, which differs from the more typical collateral order cases involving, for example, the right to be free from trial or the right to withhold privileged materials from disclosure. The difference between those cases and the situation confronted here is clear: once a party has stood for trial or the putatively privileged material is disclosed, the very right sought to be protected has been destroyed. *Id*. at 963. That is not to conclude that there may never be a situation where the stakes are monetary and yet an order may be appealable under *Cohen*. *Cf.*, *e.g.*, *Palmer v. Chicago*, 806 F.2d 1316, 1320 (7th Cir. 1986) (holding that award of fees paid into fund to be distributed to prisoner-plaintiffs was appealable under the collateral order doctrine in part because the defendant may not

11

have been able to recover that money in the event the order establishing the fund was overturned). As there is no suggestion that the sums involved will not be recoverable at the conclusion of the litigation, the situation we confront raises different considerations than the more typical collateral order cases.

Key to plaintiffs' argument is the assertion that the Order cannot be reviewed after final judgment. This argument cannot succeed, however, as it does not square with the merger rule—that interlocutory orders merge into the final judgment and may be challenged on appeal from that judgment. *See OSHA Data/CIH, Inc. v. United States DOL,* 220 F.3d 153, 162 n.20 (3d Cir. 2000) ("[I]t is a well-known general principle that interlocutory orders merge in the final judgment of the District Court."); *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1253 (3d Cir. 1977) (indicating that "the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment"); *see also Jay Foods, LLC v. Chemical & Allied Prod. Workers Un., Local 20*, *AFL-CIO*, 208 F.3d 610, 614 (3d Cir. 2000) ("A party can wait until the litigation is over and then bring a single appeal from the judgment and challenge all nonmoot interlocutory orders, appealable or not, rendered along the way.").

Further, we reject plaintiffs' contention that the filing fee issue will become moot by the time of final judgment. Plaintiffs have not identified any events—nor do we perceive any—that may occur during the course of proceedings that

12

would eliminate their stake in the outcome of the resolution of the filing fee issue or that would prevent us from remedying the payment of the filing fees if it is decided that they were improperly imposed. *Cf. Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-699 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). We find apt analogy in monetary sanctions for discovery violations. When a district court imposes sanctions—including, for example, monetary sanctions—for a party's violation of the terms of a discovery order, review of the sanctions order is available following disposition on the merits by the district court. *See, e.g.*, *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.,* 228 F.3d 275, 301-305 (3d Cir. 2000) (reviewing monetary sanctions after conclusion of district court proceedings); Charles A. Wright & Arthur R. Miller *et al.*, *Federal Practice & Procedure* § 2284 (2d ed. 1994). Although the underlying discovery dispute that led to the sanctions order may not bear on the resolution of the proceedings, that order, insofar as it requires a party to make payment, remains subject to appellate review. Similarly, though the filing fee Order will not affect the outcome of the litigation, it, like a discovery order, has resulted in a separate obligation that will not be mooted by future proceedings.

Plaintiffs also assert that, should they prevail on the merits, they will not be "aggrieved" for purposes of challenging

13

the filing fees orders. We recognize that a party that is not "aggrieved" by an order lacks standing to appeal it. *See IPSCO Steel (Ala.), Inc. v. Blaine Constr. Corp*., 371 F.3d 150, 154 (3d Cir. 2004) ("In order to have standing to appeal a party must be aggrieved by the order of the district court from which it seeks to appeal." (*quoting McLaughlin v. Pernsley*, 876 F.2d 308, 313 (3d Cir. 1989))). When a court grants the ultimate relief a party requested, though on grounds other than those urged by that party, it is generally not "aggrieved" by the judgment and may not appeal. *See Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir. 1994); *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980). But a judgment for a plaintiff on the merits in no way resolves whether filing fees for all cases are due. To the extent plaintiffs are required to pay a fee which they contend the District Court was not authorized to impose upon them, they remain aggrieved for standing purposes.

Plaintiffs strenuously respond that resolving the filing fee issue—which affects thousands of plaintiffs—at this time will be more efficient than resolving it later. Assuming they are correct, efficiency is not the standard by which we assess arguments under the third prong of the *Cohen* test. Without plaintiffs establishing that the Order is effectively unreviewable on appeal from the final judgment, we are without jurisdiction to reach the merits of their challenge.

### III.  Writ of Mandamus

14

Plaintiff seek, in the alternative, a writ of mandamus. This writ (or one of prohibition) has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000); *see also* 28 U.S.C. § 1651(a) (codifying the common law writ of mandamus by providing that the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted)).

Three conditions precede seeking a mandamus writ:

> no other adequate means to attain the relief . . . desire[d]—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process[;] . . . showing that . . . [the] right to issuance of the writ is clear and indisputable[; and] . . . the issuing court, in the exercise of its discretion, . . . [is] satisfied that the

15

writ is appropriate under the circumstances.

*Cheney v. United States Dist. Court*, 542 U.S. 367, ___ (2004) (citations, internal quotations marks and brackets omitted).

The first prerequisite—that the petitioner have no other adequate means to attain the relief sought—"emanates from the final judgment rule: mandamus must not be used as a mere substitute for appeal. " *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1422 (3d Cir. 1991); *see also Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996) ("Indeed, a writ of mandamus may not issue if a petitioner can obtain relief by appeal . . . ."). The Supreme Court has cautioned that "an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to . . . thwart the Congressional policy against piecemeal appeals." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 30 (1943); *cf. In re Bankers Trust Co.*, 775 F.2d 545, 547 (3d Cir. 1985) (explaining that mandamus relief is "available only when necessary to prevent grave injustice" and is not to be used merely to obtain interlocutory relief).

Further, in the mandamus context, "adequate review" encompasses both immediate appeals under, for example, *Cohen* and appeals following final judgment. *See Hahnemann Univ. Hosp.*, 74 F.3d at 461 ("To be sure, appeal after final judgment constitutes 'other means' of relief."); *Roche*, 319 U.S. at 31 ("[Where] the inconvenience to the litigants results alone from

16

the circumstance that Congress has provided for review of the district court's order only on review of the final judgment, and not from an abuse of judicial power[,] . . . [there are] no special circumstances which would justify the issuance of the writ."). For the reasons discussed in connection with the collateral order doctrine, the first requirement for a writ of mandamus is not met—plaintiffs can wait until appealing the final judgment to raise their objections to the imposition of the filing fee. Their arguments raise what is in some sense the classic issue for appeal—the disputed meaning of a statute, the consequences of which have (relatively modest) monetary consequences for any given plaintiff. Though the effect of such an appeal is magnified many times given the sheer number of parties involved, we have previously rejected the contention that the scope (or even the complexity) of a case, without more, is sufficient to warrant the issuance of the writ. *In re Sch. Asbestos Litig.*, 977 F.2d 764, 788 n.14 (3d Cir. 1992). As we have already rejected that contention in discussing the collateral order doctrine, the more extraordinary mandamus relief hardly passes muster here.

## IV. Conclusion

We dismiss these appeals for lack of appellate jurisdiction, and we deny plaintiffs' request, in the alternative, for a writ a mandamus.

17