DLD-017                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3175
_____

IN RE: MICHAEL J. PENDLETON,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Western District of Pennsylvania
(Related to D.C. Civ. No. 2-18-cv-01171)

_____

Submitted Pursuant to Fed. R. App. Pro. 21
October 25, 2018

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2019)
_____

OPINION*
_____

PER CURIAM

Petitioner Michael J. Pendleton petitions for a writ of mandamus.  For the reasons

that follow, we will deny the petition.

Pendleton, a state prisoner, was charged with criminal homicide in August, 1997,

when he was 14 years old after he and two co-defendants shot and killed someone while

attempting to rob him.  After his counsel unsuccessfully tried to have the matter

transferred to juvenile court, Pendleton was convicted following a jury trial in the

Allegheny County Court of Common Pleas of second degree murder. He was sentenced

to a term of life imprisonment without the possibility of parole.

Pendleton filed his first petition for writ of habeas corpus, 28 U.S.C. § 2254, in

June of 2002. The petition was dismissed as untimely filed, and we declined to issue a

certificate of appealability. See Pendleton v. Sobina, C.A. No. 03-4792 (3d Cir. June 7,

2004). Thereafter, Pendleton filed several habeas corpus petitions in the District Court,

which were transferred here for consideration as applications to file second or successive

habeas corpus petitions, see 28 U.S.C. § 2244(b). The applications all were denied.

Then, in Miller v. Alabama, 567 U.S. 460 (2012), the United States Supreme Court held

that a mandatory sentence of life without parole for those under the age of 18 at the time

of their crimes violates the Eighth Amendment's prohibition against cruel and unusual

punishment. Pendleton applied again for leave to file a second or successive § 2254

petition and we granted the application, concluding that Miller stated a new rule of

constitutional law and that Pendleton had made a prima facie showing that Miller was

retroactive to cases on collateral review, see In re: Pendleton, 732 F.3d 280, 282-83 (3d

Cir. 2013).[1]

On April 11, 2018, Pendleton was resentenced in the Court of Common Pleas of

Allegheny County to a term of imprisonment of 28 years to life. He was given credit for

time served from June 13, 1997 to April 10, 2018 (7,607 days). Pendleton has appealed

---

[1] The U.S. Supreme Court later held that Miller was retroactive to cases on collateral review, see Montgomery v. Louisiana, 136 S. Ct. 718 (2016).

the resentencing to the Pennsylvania Superior Court with the assistance of counsel, see Commonwealth v. Pendleton, No. 958 WDA 2018. That state court appeal remains pending. He has also filed a § 2254 petition in federal court, challenging his new sentence, see Pendleton v. Commonwealth of Pennsylvania, D.C. Civ. No. 18-cv-00078. His federal habeas corpus case is currently stayed while he exhausts his state court remedies.

On September 4, 2018, Pendleton submitted a pro se in forma pauperis complaint in the United States District Court for the Western District of Pennsylvania. Pendleton sought declaratory and injunctive relief against the District Attorney of Allegheny County under 42 U.S.C. § 1983 and the Due Process Clause, contending that he is incarcerated pursuant to conduct that is not actually criminal under the state criminal code. Specifically, Pendleton asserted that the jury found him guilty only of conspiracy; he argued that the felony murder statute, 18 Pa. Cons. Stat. Ann. § 2502(b), requires more, namely, that a defendant be charged either as a principal or as an accomplice. Pendleton was granted leave to proceed in forma pauperis, after which the Magistrate Judge submitted a Report and Recommendation, recommending that the complaint be dismissed without leave to amend. The Magistrate Judge reasoned that the complaint sounded in habeas corpus, and not civil rights, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), and that, even if Pendleton amended his complaint to state a claim for damages, his claim was not ripe under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because his felony murder conviction has not been invalidated. In an order entered on

September 19, 2018, the District Court adopted the Report and Recommendation as the opinion of the court and dismissed the complaint without leave to amend.

On October 2, 2018, Pendleton filed a petition for writ of mandamus in this Court pursuant to the 28 U.S.C. § 1651(a), seeking the same relief he sought in his 2018 federal civil rights action: to enjoin the continued enforcement of an allegedly "non-existent law." Petition, at 6. Pendleton argues that the District Court abused its discretion by adopting the Magistrate Judge's Report and Recommendation and dismissing his § 1983 complaint. Petition, at 2, 4. He notes that his pending state court appeal is limited to the resentencing issue and thus does not provide him a basis for contesting the validity of his conviction, and he notes that the issue he seeks to raise was recently identified by the Pennsylvania Supreme Court as "difficult," Commonwealth v. Chambers, 188 A.3d 400, 409 (Pa. 2018) (having found that the Commonwealth failed to prove the existence of a conspiracy beyond a reasonable doubt, "we must leave for another day the more difficult question of whether criminal convictions can rest upon the theory of conspiratorial liability, when such theory is not provided for expressly in our Crimes Code"). Petition, at 3.

We will deny the petition for writ of mandamus. We have the power to issue writs of mandamus under the All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). See In re: Kensington International Ltd., 353 F.3d 211, 219 (3d Cir. 2003). A writ of mandamus should be issued only in extraordinary circumstances,

4

however.  See In re: Diet Drugs Products Liability Litigation, 418 F.3d 372, 378 (3d Cir. 2005).  The petitioner must show that there is no alternative remedy or other adequate means of relief, and that he has a clear and indisputable right to the relief sought.  See Kerr v. U.S. District Court, 426 U.S. 394, 403 (1976).  Moreover, mandamus is not a substitute for an appeal.  Kensington International, 353 F.3d at 219.  "If, in effect, an appeal will lie, mandamus will not."  Id.  Here, the proper means of challenging the dismissal of  the § 1983 suit was to file a notice of appeal.

For the foregoing reasons, we will deny the petition for writ of mandamus.